UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES E. CHURCH, | ) | CASE NO.: 5:18CV2389 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| WARDEN DAVID GRAY, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation ("R&R") of the Magistrate Judge filed by Petitioner James Church.  Upon due consideration, the Court overrules the objections and adopts the R&R's findings and conclusions and incorporates them herein.  Therefore, it is ordered that the petition is hereby DENIED, and this matter is hereby DISMISSED.

Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The R&R in this matter found that Church's first ground for relief was not cognizable and

that his second ground for relief was procedurally defaulted. Church has not challenged that his Fourth Amendment claim is not cognizable in these proceedings. Instead, he has argued extensively that res judicata should not have been relied upon to deny his motion for post-conviction relief. Specifically, Church contends that the Ohio courts incorrectly determined that his arguments could have been determine without reference to materials outside the trial court record. Notably, Church does not identify *any* error in the R&R. Instead, he argues at length about the propriety of discounting of the affidavit he submitted with his motion for post-conviction relief. He also argues at length about whether certain aspects of Ohio law should have permitted him an evidentiary hearing. None of these arguments are properly before the Court in this federal habeas proceeding.

Moreover, there is nothing unreasonable about the state court's decisions. The appellate court noted that the sole evidence introduced in support of Church's request for post-conviction relief was his own affidavit. The state court cannot be said to be unreasonable for finding that such evidence was sufficient to preclude the application of *res judicata*. Instead, the state court correctly noted that the trial court judge "was familiar with the underlying proceedings and was in the best position to assess the credibility" of the claims Church raised in post-conviction motion. This habeas proceeding does not present an opportunity for this Court to revisit such a determination. Accordingly, the R&R properly concluded that Church's second claim for relief was procedurally defaulted.

Church's objections lack merit. The R&R is hereby ADOPTED IN WHOLE, and Church's petition is hereby DENIED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of

appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.


March 4, 2022 /s/ John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE